2010 BNH 003
_____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

In re:                                                                                      Bk. No. 07-10836-MWV
                                                                                            Chapter 7
Susan M. Winter,
       Debtor

Timothy P. Smith,
Chapter 7 Trustee,
       Plaintiff

v.                                                                                          Adv. No. 09-1078-MWV

IndyMac Federal Bank, F.S.B.,
as Successor-In-Interest to The
FDIC as Receiver of IndyMac Bank,
F.S.B,
       Defendant

*David P. Azarian, Esq.*
*AZARIAN LAW OFFICE, PLLC*
*Attorney for Timothy P. Smith*

*Bradley M. Lown, Esq.*
*COUGHLIN, RAINBOTH, MURPHY & LOWN*
*Attorney for IndyMac Federal Bank, F.S.B.*

## MEMORANDUM OPINION

      This matter comes before the Court on a motion for summary judgment filed by IndyMac Federal Bank, F.S.B ( the "Defendant" or "IndyMac") (Ct. Doc. No. 33). The original complaint asserts a claim for avoidance and recovery of a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550.[1] Subsequent to the filing of the Defendant's motion for summary judgment, the Court granted the Plaintiff's motion to amend the complaint to include additional claims. As such, the Defendant's motion for summary judgment only pertains to the Plaintiff's claim for avoidance and recovery of a preferential transfer under

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

11 U.S.C. §§ 547 and 550. The Court held a hearing on the motion for summary judgment on December 2, 2009, at which time the parties were ordered to submit additional memoranda by December 16, 2009. On December 17, 2009, the Court took the matter under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On February 21, 2007, Susan M. Winter (the "Debtor") and her husband, Kevin Winter, purchased real property located at 112 Green Farm Road in New Ipswich, New Hampshire (the "property"). On the same day, Kevin Winter executed a promissory note, in favor of IndyMac for the principal amount of $334,000. The Debtor was not named in the promissory note and she did not sign it. However, both the Debtor and Kevin Winter were named in and signed a mortgage (the "Mortgage") to secure the repayment of the promissory note. IndyMac recorded the Mortgage on April 5, 2007, and the Debtor filed a petition under Chapter 7 of the Bankruptcy Code on April 23, 2007. A complaint was filed by the Plaintiff against IndyMac on April 23, 2009, to avoid the Mortgage as a preferential transfer under 11 U.S.C. §§ 547 and 550.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the

evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriquez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).  "Material," in the context of Rule 56(c)) means that the fact has "the potential to affect the outcome of the suit under the applicable law."  Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).  Courts faced with a motion for summary judgment should read the "record in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor."  Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 581 (1st Cir. 1994).

The Plaintiff's complaint seeks to avoid a preferential transfer under 11 U.S.C. § 547.  The Defendant moves for summary judgment based on two arguments: (1) no transfer occurred because the mortgage is void, and (2) no debt was owed by the Debtor since only the non-debtor husband signed the underlying promissory note.  Section 547(b) allows the trustee to avoid, as a preference:

> any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>     (A) on or within 90 days before the date of the filing of the petition;
>     . . . .
> (5) that enables such creditor to receive more than such creditor would receive if—
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  "[T]he trustee has the burden of proving avoidability of a transfer under subsection (b) of this section[.]"  Id. at § 547(g).

**I.      Transfer of an Interest of the Debtor in Property**

"Transfer" is broadly defined in § 101 of the Bankruptcy Code. Section 101 provides that a "transfer" is: "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property. 11 U.S.C. § 101. The Defendant concedes that the recording of a mortgage is generally considered a "transfer" within the meaning of § 547. However, the Defendant argues that this is only true if the recorded mortgage is valid. In the present case, the Defendant contends that its Mortgage is void, and thus does not create a lien or disposes of an interest in the Debtor's property. No support for the Defendant's proposition can be found under the laws of New Hampshire.

Generally, a promissory note serves as an obligation while a mortgage is the collateral that secures the obligation. See N.H. Rev. Stat. Ann. § 479:1. A promissory note may be extended to one or more persons who own real property. Only those persons who sign a promissory note are obligated to the lender for the terms of the note. In the event of default, lenders typically foreclose on the mortgaged collateral to satisfy the obligation. Where there is more than one owner of real property and that property is sought as the collateral for the promissory note, it is necessary for all owners to sign the mortgage in order for the mortgagee to hold a security interest in the entire property. This allows a mortgagee to foreclose on the entire property in the event of default. But, if there is a deficiency balance after foreclosure, only the person(s) who signed the promissory note will be liable for the deficiency. The Debtor's failure to sign the underlying promissory note does not render the Mortgage void. Actually, the opposite is true; the Mortgage is enforceable, but the Debtor is not obligated under the terms of the promissory note. Therefore, if the non-debtor spouse defaults on the promissory note (as occurred here), IndyMac cannot pursue the Debtor to fulfill the obligation, but IndyMac can foreclose on the entire property. In fact IndyMac, or its predecessors, envisioned the possibility of the current situation and

included a clause in the Mortgage for just such an occasion.

Paragraph 13 of the Mortgage defines a co-signer as a borrower who signs the Mortgage, but does not sign the promissory note. Further, paragraph 13 provides that a co-signer "(a) is co-signing this Security Instrument **only to mortgage, grant and convey the co-signer's interest in the Property** under the terms of this Security Instrument; (b) is not obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent (emphasis added)." The Mortgage explicitly names the Debtor and her non-debtor spouse as the "Borrower." Since the Debtor did not sign the promissory note, the Mortgage is clear that she is a "co-signer" of the Mortgage who grants her interest in the property, but is not obligated under the promissory note. Therefore, the Debtor disposed of her interest in the property and a "transfer" of an interest of the Debtor in property occurred when the Defendant recorded the Mortgage.

## II. For or on Account of an Antecedent Debtor Owed by the Debtor

The Defendant additionally argues that since the Debtor did not sign the promissory note, there can be no debt owed by the Debtor. The Court agrees. As discussed, *supra*, the debt owed per the terms of the promissory note is a debt owed only by the person(s) who signed the promissory note. The Debtor was not an accommodation maker on the promissory note, nor does either party argue that the Debtor served as a guarantor of the promissory note. As a result, the Debtor successfully pledged her interest in the property for the debt of another, her husband. Since the transfer was not "for or on account of an antecedent debt" owed by the Debtor, there can be no preferential transfer avoidable by the Plaintiff under § 547. Reading the record in the light most favorable to the Plaintiff, the Court finds that there is no genuine issue as to any material fact, and the Defendant is entitled to judgment as a matter of law on the § 547 claim.

## CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment as to the Plaintiff's § 547 claim is granted. A final pretrial on the remaining claims in the amended complaint is scheduled for March 2, 2010. This constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 3rd day of February, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge